188 So.2d 772

### Ralph C. MONEY

v.

### STATE.

I Div. 57.

Court of Appeals of Alabama.

June 30, 1966.

Ralph C. Money, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted January 27, 1966.

Money was convicted of second degree burglary and sentenced to ten years in prison.

He claims here that the trial court erred in not granting his motion to exclude the State's evidence. This claim is grounded on lack of corroboration of an accomplice.

## I.

On or about January 11, 1965—certainly before the indictment and within the span

of time allowed by the Statute of Limitations [1]—some one broke into and entered the repair shop of Mr. William E. Martin in Bay Minette. "The back door was torn at the bottom and torn at the top and the side by using some heavy object to break the lock and pry the bar back, or loose."

An electric drill was taken: later the sheriff exhibited a drill to Martin. Comparing the serial number given on his purchase order with that on the drill produced by Sheriff Wilkins, Martin concluded the drill was his which had been taken at the time of the breaking and entering.

The drill found had been bought by Mr. Robert Gilmer who ran a service station in Atmore. Two men had driven up in the middle of a morning sometime around January in "an old model Plymouth Coupe, * * * somewhere in the 40's [model] * * * a dark color * * *".

The driver got out with a drill like the one of Martin's [which had come in evidence]; Gilmer paid him $10.00 for it. Gilmer could not give a description of the seller.

A deputy sheriff testified that "on January 11, 1965, and immediately after," Money drove "a 1941 Plymouth, blue in color which he had been patching on it with bond-o-patches all around on it."

He described its color as:

"Blue—light blue—dingy—old blue, and he had been working on the body with this bond-o-patches, building up places in it."

On cross, he testified that the "basic" color of the car was "light blue."

The accomplice, Harris Mosley, testified that on the night in question he was with Money. They broke into Martin's T. V. Shop "and taken some tools and drills."

He identified Martin's drill as the one which he and Money had taken in Money's '41 blue Plymouth Coupe to Gilmer's station.

In Evans v. State, 42 Ala.App. 487, 172 So.2d 796, we referred to the test for ascertaining whether the State has adduced corroboration [2] of an accomplice. The rule explicated by Mr. Justice Simpson is that where all the other evidence makes out a prima facie corpus delicti and contains some connective act of the defendant showing his agency—though not making out a complete case—there is corroboration.

Here, we consider that there was sufficient corroboration.

The judgment of the circuit court is

Affirmed.

---

1. Money's brief mistakenly assumes there is a variance between allegata and probata as to the date.
2. Code 1940, T. 15, § 307: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."